BEN L. ANDERSON, JR.

v.

MARGARET E. ANDERSON

No. 1544-88-4

MARGARET E. ANDERSON

v.

BEN L. ANDERSON, JR.

No. 0153-88-4

Decided February 20, 1990

COUNSEL

Peter K. McCrary, on brief, for appellant.

John E. Kilcarr, on brief, for appellee.

OPINION

**MOON, J.**—Ben L. Anderson, Jr., and Margaret E. Anderson both appeal from an order of October 20, 1988, concluding a partition proceeding incident to an equitable distribution decree. We have consolidated the appeals.

At the conclusion of a bifurcated divorce and equitable distribution proceeding on February 4, 1987, the court determined that there was no equity in the marital property, the marital home, and therefore made no equitable distribution award. The court determined that the home had a value of $163,000, equal to the debt against the property, the debt being a purchase money deed of trust and a $12,000 loan from Ben's father used for the down payment. The father's loan was identified and considered by the court as a lien in the equitable distribution proceeding, notwithstanding that the $12,000 loan was not evidenced by a note or deed of trust. Both parties agreed to the trial court's findings. Upon entry of the order resolving the equitable distribution issue, the court gave Margaret E. Anderson leave to file a petition for partition of the marital home. Eleven months later, on January 28, 1988, in the partition proceeding, the trial court determined that the property had a value of $185,500, subject to the same two liens — the debt of $12,000 represented by a loan from Ben Anderson's father to his son and the purchase money deed of trust. In the partition

proceeding, the trial court recognized that the debt did not have the indicia of a lien as such but ruled that under the circumstances of the case Margaret Anderson was bound by its decision in the equitable distribution proceeding.

Ben L. Anderson claims that the decision in the equitable distribution proceeding that there was no equity in the property bars relitigation of that issue in the partition proceeding. He further claims that the court should have ordered in the partition suit that Margaret E. Anderson transfer the property to him upon his assumption of all the indebtedness against the property and his agreement to hold her harmless from any future claims against the property. Margaret E. Anderson claims that the trial judge in the partition proceeding should not have found the $12,000 debt to be a lien. Her husband says she is estopped to assert this position, which is opposite her position in the equitable distribution proceeding.

We find no merit to Ben L. Anderson's claim that, in a partition proceeding following an equitable distribution decree, the court is bound by the valuation determination made in the equitable distribution proceeding. The equitable distribution decree only found that the property had no equity as of the date of that decree. That decree is *res adjudicata* as to the value of the property as of that date of valuation, February 4, 1987. However, because property values change, that finding does not decide forever the value of the property, even as between the parties. Therefore, the trial court did not err in the partition proceeding on January 28, 1988, considering the current value of the property.

When the General Assembly authorized partition in the equitable distribution proceedings, Code § 20-107.3, it did so not only to enable the court to effect a change in legal title, but to enable a court to resolve issues based upon facts and findings common to both proceedings in order to avoid inconsistent results from separate proceedings.

With these objections in mind, we turn to the issue of whether Margaret E. Anderson is estopped to assert in the partition proceeding that the $12,000 "lien" on the property represented by indebtedness to Ben L. Anderson's father, who was not a party, should not be paid out of the proceeds. During the equitable distribution proceeding, it was to her advantage that the court rule

that there was no equity in this property. Had the court found equity in the marital property, in all likelihood Ben L. Anderson, Jr. would have received a greater share of that equity than would have Margaret E. Anderson because of the $12,000 having been obtained from Ben's father to purchase the property and the other factors under Code § 20-107.3. Even if we assume that the father made Ben L. Anderson, Jr. a gift of $12,000 which he applied to the purchase price, the money would have been Ben L. Anderson's separate property which he contributed to the marital partnership. The short time that the property was in the parties' possession and the source of funds used to acquire the property would very likely have dictated a more favorable award to Ben L. Anderson, Jr., than to Margaret E. Anderson.

We hold that equity dictates that Margaret E. Anderson should not be permitted to relitigate the issue whether the $12,000 indebtedness was a lien against the property. *See Burton v. Brown*, 63 Va. (22 Gratt.) 1 (1872). Unlike the value of the property, which the evidence showed had increased between the dates of the equitable distribution and partition proceedings, the record shows no change in the amount of the $12,000 indebtedness. Therefore, we find that Margaret L. Anderson is estopped from denying the existence of a $12,000 lien against the property.

We conclude that the appeal as to other questions raised by the parties is without merit.

Accordingly, the judgments appealed from are affirmed in both cases.

*Affirmed.*

Coleman, J., and Duff, J., concurred.